## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CHARLES TALBERT

**FILED**

AUG 1 8 2014

MICHAEL E. KUNZ, Clerk
By_____Dep. Clerk

**CIVIL ACTION**

v.

CHOICE HOTELS
RODEWAY INN

**NO. 14-4447**

### MEMORANDUM

STENGEL, J.

Aug 18
JULY        , 2014

Plaintiff Charles Talbert brings this action against Choice Hotels and the Rodeway Inn. He seeks to proceed *in forma pauperis*. For the following reasons, the Court will dismiss the complaint without prejudice to plaintiff refiling his claims in state court.

### I.      FACTS

Plaintiff alleges that, on February 12, 2014, he paid $762.00 to rent a room for four nights at the Roadway Inn in Philadelphia, which is owned by Choice Hotels. While in his hotel room, plaintiff heard someone pulling and knocking lightly on his door, and assumed that another guest was harassing him. Accordingly, he went to the hotel's front desk and asked to see footage from the security cameras. However, the security camera on plaintiff's floor was not working properly. Plaintiff then "panicked and began to think that someone at the Inn may be trying to [harm him]," so he called the police. (Compl. ¶ 15.)

When the police arrived, the hotel employee at the front desk told them "false statements against [plaintiff]," and informed the police that she wanted plaintiff to leave. (*Id.* ¶¶ 18-19.) The police then informed plaintiff that, if he did not leave the hotel, he would be charged with trespassing. Plaintiff was not given a refund and was not permitted to retrieve his property from his hotel room. He was forced to spend additional funds on a hotel room elsewhere.

1

Based on those facts, plaintiff initiated this lawsuit against the Roadway Inn and Choice Hotels. He alleges that the defendants are "charged with trespass, personal injury, [violations of the] Due Process Clause of the 14th Amendment, as well as negligent infliction of emotional distress under an implied contract." (Compl. ¶ 25.) Plaintiff seeks $20,000 in compensatory damages, $50,000 in punitive damages, and costs and fees.

## II.    STANDARD OF REVIEW

Plaintiff is granted leave to proceed *in forma pauperis* because it appears that he is unable to pay the costs of filing suit. As plaintiff is proceeding *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). As plaintiff is proceeding *pro se*, the Court must construe his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011). Furthermore, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

## III.    DISCUSSION

The Court understands plaintiff to be raising a due process claim pursuant to 42 U.S.C. § 1983, based on allegations that the defendants deprived him of his property without due process. "[A] suit under § 1983 requires the wrongdoers to have violated federal rights of the plaintiff, and that they did so while acting under color of state law." *Groman v. Twp. of Manalapan*, 47

F.3d 628, 638 (3d Cir. 1995). Here, it is clear from the complaint that the defendants are private actors—a hotel and the owner of that hotel—rather than officials of state government. Accordingly, there is no basis for a constitutional claim against them.

To the extent plaintiff is raising claims under state law, the only possible independent basis for subject matter jurisdiction is 28 U.S.C. § 1332(a), which grants district courts jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."[1]  Here, the complaint does not establish that the parties are diverse. In any event, the amount in controversy does not exceed the jurisdictional threshold. *See Spectacor Mgmt. Grp. v. Brown*, 131 F.3d 120, 122 (3d Cir. 1997) ("As a general rule, [the amount in controversy] is determined from the good faith allegations appearing on the face of the complaint."). Plaintiff seeks $70,000 in damages and, although he also seeks attorney's fees, he may not recover such fees because he is proceeding *pro se*. *See Brandon v. O'Mara*, Civ. A. No. 10-5174, 2011 WL 4478492, at *9 (S.D.N.Y. Sept. 28, 2011); *Zelma v. United Online Commc'ns, Inc.*, Civ. A. No. 08-1030, 2008 WL 2625349, at *4 n.7 (D.N.J. June 27, 2008). Accordingly, there is no basis for jurisdiction over plaintiff's state law claims. If he seeks to pursue those claims, he must proceed in state court.

## IV.    CONCLUSION

For the foregoing reasons, the Court will dismiss plaintiff's complaint without prejudice to him refiling his state law claims in state court. Plaintiff will not be given leave to file an amended complaint because he cannot cure the defects noted above. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). His motion for counsel will be denied. *See Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993). An appropriate order follows.

---

[1] The Court declines to exercise supplemental jurisdiction, having dismissed plaintiff's federal claims.